### *In re* Extradition of FERRELLE.

(*Circuit Court, S. D. New York.* October 7, 1886.)

1. EXTRADITION—RIGHT OF INDIVIDUAL PROSECUTOR.
   Extradition is a right of foreign governments only, not of individuals.

2. SAME—COMPLAINT—AUTHORITY TO MAKE.
   "Complaint on oath" for the arrest and commitment of a person for the purpose of extradition, under section 5270, Rev. St., must be a complaint by some one authorized to represent the executive department of the foreign treaty power; and, if the complaint be made by a private individual, his authority to act in behalf of the foreign executive should be made to appear before the proceedings before the commissioner are closed, or the proceeding should be dismissed.

3. SAME—DISCHARGE OF PRISONER.
   No such evidence in this case appearing, and two weeks having elapsed, the prisoner was, on *habeas corpus,* discharged.

On *Habeas Corpus* and *Certiorari.*

*Chas. A. Hess,* for prisoner.

*Chas. Blandy,* for respondent.

BROWN, J. The prisoner is brought before me upon *habeas corpus,* and *certiorari* to proceedings had before a United States commissioner upon his arrest upon the charge of having forged a note or draft on William Owen Parker, in Canada.

The prisoner is entitled to his discharge, unless it appears that he is lawfully held. As the alleged crime was committed in Canada, there is no jurisdiction on the part of any officer of this government to take cognizance of it, except in pursuance of some act of congress; so that the question virtually is whether these proceedings, and the commitment under them, have been authorized by section 5270 of the Revised Statutes, which is the only section that covers the case.

On behalf of the prisoner it is alleged that the proceedings before the commissioner were not instituted by the public authorities of Canada, or by any person authorized to represent the executive of that government. That presents two questions, one of fact and the

FERRELLE. 879

other of law. The question of fact is whether the complaint, and the proceedings before the commissioner under the complaint, were in truth made by persons who were authorized thereto by the executive of Canada; and the question of law, if that was not the case, is whether proceedings for extradition may be instituted and can proceed at the instance of private persons who may have been affected by the crime, but who have not been authorized by the executive of the foreign government to represent it in such proceedings.

There can be no question that, aside from the act of congress, a private citizen, either of our own country or of a foreign country, cannot, within our jurisdiction, institute proceedings on his own account for a crime committed in another country. In my judgment, section 5270 of the Revised Statutes did not intend to give any such power to private persons. Its whole scope and language have reference to a treaty made with some foreign government, and to proceedings for the purpose of carrying out treaty provisions; and it provides that in such a case, and for such purposes, the officers named in this section, including the commissioner, "upon complaint made under oath charging any person found within the limit of any state, district, or territory, with having committed, within the jurisdiction of any such foreign government, any of the crimes provided for by such treaty or convention, may issue a warrant for the apprehension of the person so charged;" and if, on such hearing, the officer deems the evidence sufficient to sustain the charge, he shall certify the same, together with a copy of all the testimony taken before him, to the secretary of the state, that a warrant may issue upon the proper requisition from the authorities of such foreign government.

The commissioner or other officer has jurisdiction to proceed "upon complaint made under oath." That means upon a "complaint, under oath," in behalf of the foreign government that is authorized by the existing treaty to have the surrender made. In other words, the government that has the treaty right must be the promoter of the proceeding. The act was not intended to give a private person the authority to institute a proceeding upon his own option merely; and it would be a great hardship if that construction were given to it, because it would enable any private person to institute a criminal proceeding here upon a crime committed in a foreign country, and have the prisoner held for the considerable period of 60 days without any one's knowing whether the foreign government desired the proceeding, or desired the prisoner, to try him, or would ever exercise its option to demand the accused under the treaty. I cannot believe it was the intention of congress, by this section, to give any such general authority to mere individuals and private persons.

Generally, complaints of this character have been made under the clear authority or sanction of the executive of the foreign government, —ordinarily through their consuls; sometimes directly upon papers sworn to by the foreign officers representing the executive. I should

be inclined to hold that at any time while the proceeding is pending before the commissioner proof might be produced to show that the persons who initiated the proceedings were really acting in behalf of the foreign government, and that their action was sanctioned, ratified, and adopted by the executive.

In this case the objection was seasonably taken before the commissioner that the proceedings were not prosecuted by the authority of the executive of Canada, but that it appeared to be solely on the responsibility of private persons. The only evidence that I find in the record bearing on that point is not sufficient to show any action on the part of the executive of Canada adopting or sanctioning these proceedings as conducted on its behalf. The evidence consists of a warrant issued by a police justice in Canada, to the local sheriff, for the arrest of the prisoner. But that contemplated action within the limits of Canada, and not within the United States. The sheriff, who was present here, is not a representative of the executive of Canada, and he gave no evidence of its authoritative action; nor is the presence of the original affidavit, procured from the files of the police magistrate's court, evidence of such action. And that is all, so far as I understand, in the shape of evidence, that was produced before the commissioner to indicate any sanction by the executive of Canada of this prosecution.

Since the proceedings before the commissioner were closed two weeks have elapsed, and up to this moment nothing is produced showing that the Canadian government has authorized or adopted the proceedings. Counsel for the prosecution very properly has repeatedly desired express evidence of authority from the Canadian government; and, as it seems to me, the letter from the attorney general read to the court shows that that government was not ready to give him any express authority in the matter. The consul, on being applied to, declined to take any part in it. Both replied that any authority from them was unnecessary. This court holds otherwise, and that where the proceeding is initiated by a person in his private capacity, and not as the accredited agent of the executive of the foreign government, there must be satisfactory evidence before the commissioner, before the proceeding is closed, that the proceeding is promoted by the foreign government, or carried on by its authority; and that otherwise the proceeding should be dismissed for want of authority. *In re Kelly,* 26 Fed. Rep. 852–856.

The fact that there is not even now, two weeks after the prisoner was committed to jail, any evidence of the sanction or adoption of these proceedings by the executive of Canada, emphasizes the impropriety of allowing the proceedings to be initiated even by private persons in their individual capacity only, and of the injustice likely to arise from such a practice. I cannot sanction that practice, or give such a construction to the law as would authorize it. There is no practical necessity for it. The question here has nothing to do with

the executive mandate, or the warrant for the final delivery, but is only upon whose complaint the proceedings are to be instituted. It is the foreign government only that is entitled to the extradition of the accused. The initiatory steps for extradition must therefore be by authority of that government, and in its behalf. This proceeding having been instituted in the name of a private person only, and closed before the commissioner without the production of anything to show that he acted by authority of the Canadian executive, and even at this time, notwithstanding strong efforts by the counsel for the prosecution to have evidence of such authority furnished, none being produced, the proceedings should be quashed, and the prisoner discharged.