# RABINOWITZ ET AL. *v.* KENNEDY, ATTORNEY GENERAL.

No. 287.   Argued March 2, 1964.—Decided March 30, 1964.

*David Rein* argued the cause and filed briefs for petitioners.

*Stephen J. Pollak* argued the cause for respondent. With him on the brief were *Solicitor General Cox, Assistant Attorney General Yeagley, George B. Searls* and *Doris H. Spangenburg.*

MR. JUSTICE GOLDBERG delivered the opinion of the Court.

Petitioners, attorneys engaged in the general practice of law, instituted this declaratory judgment action, 28

U. S. C. § 2201, against respondent, the Attorney General of the United States, in the United States District Court for the District of Columbia. The complaint alleged that petitioners had been:

> "retained by the Government of the Republic of Cuba to represent in the United States the Republic of Cuba and its governmental agencies in legal matters, including litigation, involving the mercantile and financial interests of the Republic of Cuba. . . . The retainer does not cover advice or representation involving public relations, propaganda, lobbying, or political or other non-legal matters, nor have the plaintiffs advised, represented, or acted on behalf of the Republic of Cuba in any such matters."

The complaint alleged further that respondent had "demanded that [petitioners] . . . register with the Attorney General under the provisions of the Foreign Agents Registration Act of 1938, as amended." The relief sought by petitioners included a "judgment declaring that their activities as legal representatives for the Republic of Cuba do not subject them to the requirements of registration under the Foreign Agents Registration Act of 1938, as amended . . . ." 52 Stat. 631, as amended, 22 U. S. C. § 611.

That Act requires the registration of "any person who acts or agrees to act . . . as . . . a public-relations counsel, publicity agent, information-service employee, servant, agent, representative, or attorney for a foreign principal . . . ." "Foreign principal" includes "a government of a foreign country and a foreign political party," as well as "a partnership, association, corporation, organization, or other combination of individuals organized under the laws of, or having its principal place of business in, a foreign country . . . ." The Act exempts from registration any "person engaging or agreeing to engage only

in private and nonpolitical financial or mercantile activities in furtherance of the bona fide trade or commerce of such foreign principal . . . ."

Respondent moved for judgment on the pleadings. The District Court denied the motion, but at the request of respondent and with the consent of petitioner, the court certified to the Court of Appeals the "controlling question of law, as to whether individuals requested to register under the Foreign Agents Registration Act of 1938, as amended, may have their rights adjudicated by a declaratory judgment suit . . . ."

The Court of Appeals for the District of Columbia, noting that petitioners did not challenge the constitutionality of the Foreign Agents Registration Act, held, with one judge dissenting, that the doctrine of sovereign immunity required that the case be dismissed "as an unconsented suit against the United States." 115 U. S. App. D. C. 210, 212, 318 F. 2d 181, 183. We granted certiorari, 375 U. S. 811.

We hold, for the reasons stated below, that the Foreign Agents Registration Act plainly and unquestionably requires petitioners to register. Since we conclude that the Court of Appeals was correct in ordering the case dismissed, but for reasons other than those relied upon in its opinion, we do not pass upon the reasoning by which that court arrived at its decision, nor do we have occasion to consider the scope of the declaratory judgment remedy or the sovereign immunity doctrine.[1]

---

[1] See, *e. g.*, Borchard, Declaratory Judgments (2d ed., 1941); Borchard, Challenging "Penal" Statutes by Declaratory Action, 52 Yale L. J. 445 (1943); Davis, Sovereign Immunity in Suits Against Officers for Relief Other than Damages, 40 Cornell L. Q. 3 (1954); Davis, Suing the Government by Suing an Officer, 29 U. of Chi. L. Rev. 435 (1962); Jaffe, Suits Against Governments and Officers: Sovereign Immunity, 77 Harv. L. Rev. 1 (1963).

The Foreign Agents Registration Act was first enacted by Congress on June 8, 1938. It required agents of foreign principals to register with the Secretary of State. "[A]gent of a foreign principal" was defined as "any person who acts or engages or agrees to act as a public-relations counsel, publicity agent, or as agent, servant, representative, *or attorney* for a foreign principal . . . ." 52 Stat. 631, 632. (Emphasis added.) "Foreign principal" was defined as "the government of a foreign country, a political party of a foreign country, a person domiciled abroad, or any foreign business, partnership, association, corporation, or political organization . . . ." Exempted from the definition of "agent of a foreign principal" was "a person, other than a public-relations counsel, or publicity agent, performing *only private, non-political, financial, mercantile, or other activities* in furtherance of the bona fide trade or commerce of such foreign principal." 52 Stat. 631, 632. (Emphasis added.) In 1961, the exemption section was amended to apply to persons "engaging or agreeing to engage *only in private and non-political financial or mercantile activities* in furtherance of the bona fide trade or commerce of such foreign principal . . . ." [2] (Emphasis added.) 75 Stat. 784. The Senate and House Reports accompanying this amendment state its purpose as follows:

"The so-called commercial exemption has proved to be ambiguous. During hearings held on H. R. 6817 in the 86th Congress, a bill identical to H. R. 470, a representative of the Department of Justice testified that the language contained in the exemption has led to confusion and unnecessarily difficult

---

[2] This section had previously been amended in 1942 to cover any person "engaging or agreeing to engage only in private, nonpolitical, financial, mercantile, or other activities in furtherance of the bona fide trade or commerce of such foreign principal . . . ." 56 Stat. 254.

problems in the administration of the law. Argument has been made that if an agent of a foreign principal meets any one of the above-quoted conditions, as distinguished from meeting several or all of the requirements, it need not register. As rewritten, the section with its proposed changes and sentence structure makes it clear that for an agent to qualify for exemption from the obligation of registering, it must be engaged in activities which meet either of two sets of three requirements. *They must be private and nonpolitical and financial, or private and nonpolitical and mercantile. If any one of these characteristics is lacking, the agent cannot qualify for exemption and therefore must register under the act."* (Emphasis added.) S. Rep. No. 1061, 87th Cong., 1st Sess., p. 2.

See also H. R. Rep. No. 246, 87th Cong., 1st Sess.

Petitioners here are attorneys who have been retained "to represent in the United States the Republic of Cuba and its governmental agencies in legal matters, including litigation . . . ." As an example of their "activities" pursuant to this retainer, petitioners cite their appearance before this Court in the recently decided case of *Banco Nacional de Cuba* v. *Sabbatino, ante,* at 398.

Although the work of a lawyer in litigating for a foreign government might be regarded as "private and nonpolitical" activity, it cannot properly be characterized as only "financial or mercantile" activity. It is clear from the statute and its history that "financial or mercantile" activity was intended to describe conduct of the ordinary private commercial character usually associated with those terms. See, *e. g.,* S. Rep. No. 1783, 75th Cong., 3d Sess. Furthermore, although the interest of a government in litigation might be labeled "financial or mercantile," it cannot be deemed only "private and nonpoliti-

cal." Since an attorney may not qualify for exemption "[i]f any one of these characteristics is lacking," it would be impossible to conclude, under any construction of the statute, that petitioners are engaging "only in private and nonpolitical financial or mercantile activities."

We conclude, therefore, that petitioners, attorneys representing a foreign government in legal matters including litigation, are not exempt from registering under the Foreign Agents Registration Act.

In support of their case, petitioners also claim that if they register they would be required in completing the registration forms to "make public disclosure not only of their relation with their foreign principal, but of numerous private, personal and business affairs unconnected with their representation of the Republic of Cuba." In concluding that petitioners must register, we do not suggest that they may be required to answer all the questions in the registration forms. The Government says that some of the questions are "clearly inapplicable" to petitioners, that others may satisfactorily be answered in conclusory language, and that others, while "framed in general terms," may satisfactorily be answered by disclosing only those facts which "bear a reasonable relationship to the representation of the foreign principal." Under the rules established by the Department of Justice and printed on the forms themselves:

> "If compliance with any requirement of the form appears in any particular case to be inappropriate or unduly burdensome, the Registrant may apply for a complete or partial waiver of the requirement."

Compare, 28 CFR § 5.201. Since petitioners have made no attempt to determine which questions must be answered and how much information disclosed, this issue is not ripe for adjudication. See, *e. g., Eccles* v. *Peoples*

*Bank,* 333 U. S. 426.   See generally, Davis, Ripeness of Governmental Action for Judicial Review (pts. 1–2), 68 Harv. L. Rev. 1122, 1326 (1955).

For these reasons, petitioners' complaint should be dismissed, and, accordingly, the judgment of the Court of Appeals ordering dismissal of the complaint is affirmed.

*It is so ordered.*