**Stanley I. SCHONBRUN, Plaintiff,**

v.

**Alexander DREIBAND, Defendant.**

No. 67-C-115.

United States District Court
E. D. New York.

May 3, 1967.

Sacks & Rubin, New York City, for plaintiff. Ira Rubin, New York City, of counsel.

Dreiband & Silberman, New York City, for defendant. Alexander Dreiband, New York City, of counsel.

BARTELS, District Judge.

Plaintiff was charged by the Grand Jury in Ontario, Canada with larceny and forgery in the sum of $960,000. Defendant, an attorney-at-law, was appointed by the Province of Ontario, Canada to commence the necessary proceedings in this country for a warrant of extradition of the plaintiff, pursuant to which authority the defendant filed a complaint before a United States Commissioner who accordingly issued a warrant for plaintiff's arrest. Thereafter plaintiff was taken into custody of a United States Marshal and released on his own recognizance pending a hearing. Whereupon plaintiff filed a complaint for a declaratory judgment in which he sought a permanent injunction enjoining the defendant from taking any further steps in connection with the extradition proceeding. In substance, the complaint charges that the extradition proceeding is void because (i) brought by a defendant whose action violated the Foreign Agents Registration Act (22 U.S.C.A. § 611 et seq.) since he failed to register; (ii) brought without authority in the name of the United States of America, which is not a party; (iii) brought on behalf of the Province of Ontario, Canada which is not a sovereign foreign government and has no extradition treaty with the United States of America; and (iv) brought under a "Treaty of October 26, 1951, between the United States and the Kingdom of Great Britain and all amendments thereto", which treaty does not exist.

Plaintiff claims that a suit for a declaratory judgment is necessary because he will be unable to present the issues raised in the complaint before the Commissioner and further, that *habeas corpus* is an inadequate legal remedy for a review if the Commissioner finds him extraditable. A motion heretofore made by the plaintiff for a preliminary injunction was denied. Defendant now moves pursuant to Rule 56, Fed.Rules Civ.Proc., 28 U.S.C.A., for a summary judgment dismissing the complaint as a matter of law. Plaintiff argues that extradition proceedings are completely statutory in nature and that the scope of a judicial inquiry in such a proceeding is limited by the provisions of the statute and that these limitations deprive the Commissioner of authority to determine the issues raised by the complaint. Therefore, he asserts, he will be denied a forum to litigate the issues unless this Court presently assumes jurisdiction prior to any hearing before the Commissioner by means of a declaratory judgment. Involved in the application are the issues of whether an action for a declaratory judgment is proper under the circumstances and if proper, whether the complaint states a cause of action against the defendant.

I

A suit for a declaratory judgment is an equitable remedy granted only in the sound discretion of the Court.[1] Whether this discretion shall be exercised depends, among other things, upon whether the remedy is available and necessary. The jurisdiction of the Commissioner is set forth in 18 U.S.C.A.

1. A. L. Mechling Barge Lines, Inc. v. United States, 1961, 368 U.S. 324, 82 S.Ct. 337, 7 L. Ed.2d 317.

§ 3184.[2] An examination of the history and cases interpreting the commissioner's jurisdiction indicates that the commissioner has, in the first instance, the authority necessary to decide the issues raised by the complaint. Referring to defendant's right to institute the proceeding, the phrase "upon complaint made under oath" in Section 3184 implicitly designates a complaint made by "a proper party" under oath; otherwise the words would appear to be meaningless. Extradition treaties, both prior and subsequent to the enactment of this section, have contained a provision to the effect that the preliminary examinations to determine evidence of criminality shall be conducted in accordance with the laws of the place where the fugitive shall be found, and that the probable cause and quantum of evidence test shall be in accordance with the general laws of that place. Collins v. Loisel, 1922, 259 U.S. 309, 42 S.Ct. 469, 66 L.Ed. 956; Factor v. Laubenheimer, 1933, 290 U.S. 276, 54 S.Ct. 191, 78 L.Ed. 315.

 Under these rules the commissioner has the right to determine whether probable cause exists to hold an accused for extradition upon a charge by the demanding government,[3] including also jurisdiction to determine the amount of the evidence necessary to establish probable cause. The probable cause and quantum of evidence standards are not spelled out in the statute and in the treaties except by reference to the test to be applied by the laws of the place;[4] yet there never has been any doubt that the committing magistrate or commissioner has jurisdiction and power to determine these issues in extradition proceedings. In the same category is the issue as to who has the right to initiate the proceeding. This fact was decided many years ago in In re Kelly, Cir.Ct.D. Minn.1886, 26 F. 852, 856, where Judge Brewer said: "It is enough if any person duly authorized appear in behalf of that government and make complaint. Of course, the question of fact is not settled. That is a matter to be inquired into before the commissioner,—as to whether the party making complaint is thus duly accredited. If it should appear that he was not; that he was simply a private citizen, pursuing this matter for private purposes,—of course the com-

2. This section reads: "Whenever there is a treaty or convention for extradition between the United States and any foreign government, any justice or judge of the United States, or any commissioner authorized so to do by a court of the United States, or any judge of a court of record of general jurisdiction of any State, may, upon complaint made under oath, charging any person found within his jurisdiction, with having committed within the jurisdiction of any such foreign government any of the crimes provided for by such treaty or convention, issue his warrant for the apprehension of the person so charged, that he may be brought before such justice, judge, or commissioner, to the end that the evidence of criminality may be heard and considered. If, on such hearing, he deems the evidence sufficient to sustain the charge under the provisions of the proper treaty or convention, he shall certify the same, together with a copy of all the testimony taken before him, to the Secretary of State, that a warrant may issue upon the requisition of the proper authorities of such foreign government, for the surrender of such person, according to the stipulations of the treaty or convention; and he shall issue his warrant for the commitment of the person so charged to the proper jail, there to remain until such surrender shall be made."

3. U. S. ex rel. Petrushansky v. Marasco, S.D.N.Y.1963, 215 F.Supp. 953, affirmed, 325 F.2d 562, cert. denied, 1964, 376 U.S. 952, 84 S.Ct. 969, 11 L.Ed.2d 971; Jimenez v. Aristeguieta, 5 Cir. 1962, 311 F.2d 547.

4. Application of D'Amico, S.D.N.Y.1960, 185 F.Supp. 925, appeal dismissed, 286 F.2d 320, cert. denied, 1961, 366 U.S. 963, 81 S.Ct. 1924, 6 L.Ed.2d 1254. Rule 5, Fed.Rules Crim.Proc., 18 U.S.C.A., is made inapplicable to extradition proceedings by Rule 54(b) (5), Fed.Rules Crim. Proc., 18 U.S.C.A. However, it is difficult to escape the conclusion that the procedure followed in every-day preliminary examinations before commissioners (which must be in accordance with rules promulgated by the Supreme Court of the United States, 18 U.S.C.A. § 3041) should by analogy be followed in extradition proceedings, unless provided otherwise by a treaty.

missioner would act accordingly." To the same effect are In re Ferrelle, Cir. Ct.S.D.N.Y.1886, 28 F. 878, and President of the United States ex rel. Caputo v. Kelly, 2 Cir. 1937, 92 F.2d 603, cert. denied, 1938, 303 U.S. 635, 58 S.Ct. 521, 82 L.Ed. 1096; see also, Fernandez v. Phillips, 1925, 268 U.S. 311, 45 S.Ct. 541, 69 L.Ed. 970. It is appropriate to note in passing upon the commissioner's jurisdiction, that the merits of the plaintiff's claims are open to serious doubt. In view of the October, 1966 amendment to the Foreign Agents Registration Act (22 U.S.C.A. § 613(g)) expressly exempting from registration one who is engaged in the legal representation of a disclosed foreign agent before any court, it would seem that the defendant would now be exempt from registration.[5] Plaintiff further claims that the issues identified in subdivisions (ii), (iii) and (iv) of the first paragraph of this decision, are not within the commissioner's jurisdiction. There is also no merit to this contention. The charge that the action is brought without authority in the name of the United States of America is one that falls within the commissioner's authority to resolve the issue as to who is a proper party to bring the action.[6] "Form is not to be insisted upon beyond the requirements of safety and justice." Fernandez v. Phillips, supra, 268 U.S. at 312, 45 S.Ct. at 542. The last two objections are predicated upon the absence of a governing treaty. These issues are expressly within the scope of the commissioner's jurisdiction by the language of the statute authorizing him to act whenever "there is a treaty or convention for extradition between the United States and any foreign government".

## II

Plaintiff nevertheless insists that this Court has jurisdiction in a declaratory judgment action in extradition proceedings and that this remedy should now be made available to him for the purpose of determining these issues in advance, citing Wacker v. Bisson, 5 Cir. 1965, 348 F.2d 602. That case is not in point because it involved an attack upon an extradition order issued by a United States Commissioner *after a hearing*. The District Court dismissed the complaint but the Court of Appeals reversed, one judge dissenting. After discussing the underlying policies of the Declaratory Judgment Act, the court observed: "In this case we hold that the scope of review by declaratory judgment is the same as the scope of review by habeas corpus."[7] In this case no review is involved and it would be a super-arrogation of authority for this Court to attempt to adjudicate in advance issues that properly belong within the jurisdiction of the commissioner. The seeds of the remedy lie in Section 3184, 18 U.S. C.A. If dissatisfied, the plaintiff will have his opportunity for a judicial review by means of a habeas corpus proceeding which will be available " * * to inquire whether the magistrate had jurisdiction, whether the offense charged is within the treaty and, by a somewhat liberal extension, whether there was any evidence warranting the finding that there was reasonable ground to believe the accused guilty." Fernandez v. Phillips, supra, 268 U.S. at 312, 45 S.Ct. at 542. To take jurisdiction prior to the hearing before the commissioner would emasculate, if not nullify, the Congressional intent and the force and effect

---

5. Rabinowitz v. Kennedy, 1964, 376 U.S. 605, 84 S.Ct. 919, 11 L.Ed.2d 940, merely held that the attorneys in that case were not exempt from registering under the Act. There is no indication in the statute or the decision that the penalty for violation required a dismissal of the action. Cases of "unclean hands" cited by the plaintiff are inapplicable.

6. If valid, this objection might be cured by an amendment or the necessary governmental authorization.

7. In his dissent Judge Rives remarked (p. 612): "The point of holding that the Declaratory Judgment Act has opened a backdoor to review of an extradition order escapes me when the front door provided by the Great Writ grants access to the same court of justice and provides the same scope of relief."

of Section 3184. This section was enacted to implement treaties and conventions made by the Government with other nations by enabling the Government to perform its obligations thereunder for the purpose of accomplishing summarily the return of a fugitive. The remedy of a declaratory judgment cannot create substantive rights or expand the provisions of the statute. On the other hand, the procedure in habeas corpus is not rigid or inflexible and will permit a disposition "as law and justice require" in accordance with 28 U.S.C.A. § 2243. See, Application of D'Amico, supra, n. 3.

Motion dismissing the complaint granted. Settle order within ten (10) days on two (2) days' notice.