The UNITED STATES of America

v.

Donald L. JACKSON, Defendant.

No. 76–146.

United States District Court,
W. D. New York.

June 14, 1977.

Richard J. Arcara, U. S. Atty., W.D.N.Y., for the U. S.; Edward J. Wagner, Asst. U. S. Atty., Buffalo, N.Y., of counsel.

Richard A. Slominski, Buffalo, N.Y., for defendant.

ELFVIN, District Judge.

Defendant was charged in a two count indictment with violating 26 U.S.C. § 9042(c). Count I of the indictment charges:

"That on or about the 6th day of March, 1976, in the Western District of New York, DONALD L. JACKSON, knowingly and wilfully did furnish false, fictitious, and fraudulent evidence and information to the Federal Election Commission, relevant to certification by the Federal Election Commission for his eligibility to receive Presidential Primary Election Matching Fund payments pursuant to the Presidential Primary Election Matching Payment Account Act, 26 U.S.C. § 9031, et seq., to wit: a list of approximately 486 individuals who contributed to DONALD L. JACKSON's campaign a total of approximately $110,-931.00 during February, 1976, and a list of expenditures totaling approximately $111,640.00 made by his campaign during February of 1976; all in violation of Title 26, United States Code, Section 9042(c)."

Count II of the indictment alleges:

"That on or about the 17th day of March, 1976, in the Western District of New York, DONALD L. JACKSON, knowingly and wilfully did furnish false, fictitious, and fraudulent evidence and information to the Federal Election Commission, relevant to certification by the Federal Election Commission for his eligibility to receive Presidential Primary Election Matching Fund payments pursuant to the Presidential Primary Matching Payment Account Act, 26 U.S.C. § 9031, et seq., to wit: that DONALD L. JACKSON, as a candidate within the meaning of 26 U.S.C. § 9032(2), had received contributions which in the aggregate exceeded $5,000 from the residents of each of at least twenty states, and totaling approximately $110,931.00, and the aggregate of the aforesaid contributions with respect to any single contributor did not exceed $250.00; all in violation of Title 26, United States Code, Section 9042(c)."

Defendant moves to dismiss the indictment on various grounds. Defendant alleges that he was denied the procedural due process protections contained in the Federal Election Campaign Act of 1971 as amended ("the Act"), 2 U.S.C. §§ 431 et seq. Specifically, defendant alleges that the Federal Election Commission ("the Commission") did not attempt to correct or prevent the alleged violations by defendant by informal methods of conference, conciliation or persuasion, as allegedly required in this case by 2 U.S.C. § 437g(a)(5)(A). This argument is unavailing. On April 5, 1976, after a preliminary review of the defendant's request for Presidential Primary Matching Funds, which indicated substantial factual inaccuracies in defendant's application for such funds in violation of 26 U.S.C. § 9042(c), the Commission (uncertain about its investigatory and enforcement functions at that time) referred the matter to the

Criminal Division of the Department of Justice. Where, as here, the Commission has determined that there is probable cause to believe that knowing or willful violations of 26 U.S.C. § 9042(c) have occurred, it may refer such apparent violations to the Attorney General without making any conciliation efforts. 2 U.S.C. § 437g(a)(5)(D).

Defendant alleges that the Commission did not inform him of any alleged violations and that he was not given a reasonable opportunity to demonstrate that no action should be taken against him by the Commission, as required by 2 U.S.C. § 437g(a)(2) and (4). These procedural safeguards are pertinent to civil investigations which may be undertaken by the Commission and do not apply to or bind the Attorney General in conducting criminal investigations. The fact that the Commission did not inform defendant of the alleged violations and give him a reasonable opportunity to show that no action should be taken against him by the Commission before referring the matter to the Attorney General for possible criminal proceedings does not deprive the defendant of his constitutional due process rights in the criminal proceedings instituted by the Attorney General.

█ Defendant alleges that a determination by the Commission that there was probable cause that knowing and willful violations of 26 U.S.C. § 9042(c) had occurred and the Commission's referral of such apparent violations to the Attorney General is a condition precedent to the jurisdiction of the Attorney General to prosecute the alleged criminal violations of that statutory provision. Defendant argues that the referral by the Commission to the Attorney General was invalid because it occurred subsequent to the Supreme Court's decision in *Buckley v. Valeo*, 424 U.S. 1, 96 S.Ct. 612, 46 L.Ed.2d 659 (January 30, 1976), declaring the Commission unconstitutional (with a stay of the effectiveness of such declaration until March 1, 1976) and prior to the passage of the Federal Election Campaign Act Amendments of 1976 (effective May 11, 1976) reconstituting the Commission. This contention is not well taken. A finding of probable cause by the Commission and its subsequent referral to the Attorney General is not a condition precedent to the jurisdiction of the Attorney General to investigate and prosecute alleged criminal violations of 26 U.S.C. § 9042(c). The Attorney General is vested with the authority and responsibility to enforce all criminal statutes passed by Congress. 28 U.S.C. § 515. *Kennedy v. Rabinowitz*, 115 U.S. App.D.C. 210, 318 F.2d 181, 183 (fn. 9) (1963), *aff'd*, 376 U.S 605, 84 S.Ct. 919, 11 L.Ed.2d 940 (1964). The Attorney General, as chief legal officer of the United States, has the authority and duty to control and supervise all criminal proceedings. *United States v. Greater Blouse, Skirt & Neckwear Con. Ass'n*, 228 F.Supp. 483, 486 (S.D.N.Y. 1964). It is reasonable to presume that, when Congress enacts a criminal statute (such as 26 U.S.C. § 9042(c)), it intends to authorize the Attorney General to enforce the statute on his own prerogative. Public policy favors the unencumbered enforcement of criminal statutes. *United States v. St. Regis Paper Company*, 355 F.2d 688, 693 (2d Cir. 1966).

█ The statutory provision in section 437g(a)(5)(D) requiring the Commission to make a finding of probable cause that knowing and willful violations of 26 U.S.C. § 9042(c) have occurred before referring such apparent violations to the Attorney General does not restrict the independent criminal enforcement powers of the Attorney General. That statutory provision is directed solely to, and merely limits, the powers of the Commission. The fact that the Commission may not refer a case to the Attorney General before it has made a finding of probable cause does not in any way curtail the power of the Attorney General to enforce criminal statutes, such as 26 U.S.C. § 9042(c). Such is not a condition precedent to the jurisdiction of the Attorney General to investigate and prosecute criminal violations. Therefore, the inability of the Commission to make a finding of probable cause and refer the case to the Attorney General because it had been declared unconstitutional by the Supreme

Court in *Buckley v. Valeo, supra,* does not taint the validity of the instant indictment. Further support for this conclusion is found in *Buckley v. Valeo,* 171 U.S.App.D.C. 172, 519 F.2d 821, 893 (fn. 191) (1975), *aff'd in part, rev'd in part on other grounds,* 424 U.S. 1, 96 S.Ct. 612, 46 L.Ed.2d 659 (1976), wherein the court disagreed with the district judge and held that, even in the area of civil enforcement where the Commission requested the Attorney General to institute a civil action on behalf of the United States, the Attorney General was not mandated by the provisions of 2 U.S.C. § 437g(a)(7) to bring such an action because Congress did not intend to eliminate the discretion that had been traditionally vested in the Attorney General. The Supreme Court also noted in *Buckley v. Valeo,* 424 U.S. at 112, 96 S.Ct. 612, *supra,* (fn. 153), that the Commission had at least primary jurisdiction with respect to civil enforcement of the Act and had the duty to refer apparent criminal violations to the Attorney General either upon initial receipt of a complaint *or after* an investigation.

■ Defendant asserts that the fact that he was under investigation was made public by the United States Attorney's Office and that this was allegedly contrary to 2 U.S.C. § 437g(a)(3)(B). However, such statutory provision only applies to investigations undertaken by the Commission. In the present case, the Commission did not make an investigation but referred the matter after a preliminary review to the Attorney General. Furthermore, defendant does not allege that he has suffered any prejudice because of the alleged notification to the public that he was being investigated. Thus, dismissal of the indictment on this ground is unwarranted.

■ The defendant alleges that because the Federal Election Campaign Act Amendments of 1976, P.L. 94–283, 90 Stat. 475, were not passed until May 11, 1976 and the alleged fraudulent acts occurred on March 6 and 17, 1976, the amendments are *ex post facto* as applied to the crimes charged in the indictment. Defendant's argument is wide of the mark. The indictment charges violations of Subtitle H, Chapter 96 of the Internal Revenue Act, specifically 26 U.S.C. § 9042(c). These provisions became effective on January 1, 1975. The constitutionality of these provisions was upheld in *Buckley v. Valeo, supra,* at 105–108, 96 S.Ct. 612. Therein, the court further stated at page 109, 96 S.Ct. 612 that Subtitle H was severable from those portions of the legislation which it held unconstitutional. Furthermore, the later-passed Federal Election Campaign Act Amendments of 1976 did not amend 26 U.S.C. § 9042(c).

■ The defendant next alleges that the grand jury was unconstitutionally constituted because blacks were allegedly systematically and intentionally excluded from serving on the grand jury and that there was insufficient evidence before the grand jury to warrant an indictment. Other than these bald conclusory allegations, defendant has not alleged any facts to substantiate these claims. The mere fact that there were no blacks among the persons sitting on this particular grand jury is insufficient to show systematic exclusion of blacks. Defendant has not alleged how the evidence before the grand jury was insufficient other than to say that it is his belief "that the indictment was based upon hearsay evidence and upon conclusions rather than evidentiary facts." Defendant's request that the minutes of the grand jury be made available to him so that he may show that there was insufficient evidence to indict him is hereby denied.

It is therefore hereby

ORDERED that defendant's motion to dismiss the indictment is denied.