In the Matter of Alfred Eugene RICE.

No. 3802.

District of Columbia Court of Appeals.

Argued Jan. 10, 1966.

Decided March 14, 1966.

---

Richard W. Barton, Asst. Corporation Counsel, with whom Chester H. Gray, Corporation Counsel, Milton D. Korman, Principal Asst. Corporation Counsel, and Hubert B. Pair, Asst. Corporation Counsel, were on the brief for the District of Columbia, appellant.

Carroll F. Tyler, Jr., Washington, D. C., for Alfred Eugene Rice, appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge.

On June 5, 1964, two detectives with the Metropolitan Police gave to the Director of Social Work of the Juvenile Court a written complaint alleging that one Alfred Eugene Rice (then sixteen years of age) had raped a sixteen-year-old girl. As directed by statute, a preliminary investigation was made by the Intake Officer of the court to determine whether the interests of the public or of the child required further action. An affirmative report was made to the Director of Social Work who, after consultation with and approval of the Assistant Corporation Counsel assigned to the Juvenile Court, authorized the filing of a petition. D.C.Code, 1961, Supp. V, 1966, § 16–2302. On June 19, 1964, Rice and his parents appeared in the Juvenile Court, where the petition was read to him and he was informed of his right to have counsel. Rice, after waiving legal representation at the arraignment only, denied the allegations of the petition. The case was continued for trial subject to the call of the clerk of court. On April 14, 1965, the case was called for trial, at which time the government announced it was ready to proceed, but Rice's attorney (who had entered his appearance on June 24, 1964) requested a continuance, to which the Assistant Corporation Counsel objected because the case had been pending for almost a year and all witnesses requested by the government were present in court, some of whom would not be available at a later trial date. The names of the witnesses were furnished to the trial judge by the government at his request. One was Herbert L. Bradford, an adult, who had been charged in connection with the same offense alleged to have been committed by Rice. Inquiry by the trial judge as to the status of the charge against Bradford elicited from him that the charge had been dropped "because the girl had lied about the whole thing." A second motion by Rice's attorney to dismiss the petition was denied "pending further investigation into the actions of the Grand Jury." Then the trial judge continued the trial to a future date to be set by the clerk of the court and requested at that time the attendance of the Assistant United States Attorney who had presented the charge against Bradford to the Grand Jury. About ten minutes later, the trial judge asked that the two detectives from the Police Department and the Intake Officer of the Juvenile Court come to his chambers. Neither Rice's attorney nor the Assistant Corporation Counsel, who were still present in court, was informed of or invited to this conference. The trial judge later asserted that the purpose of the meeting was "to explore the question of whether there was reasonble ground to believe that [Rice] was involved in the sexual assault alleged in the

petition." The Statement of Proceedings and Evidence is silent as to what occurred in the judge's chambers. A docket entry by the trial judge on April 14, 1965, corrected by him on July 13, 1965, states that

> " * * * [t]he Court conferred with Detective Bonaccorsy of the Metropolitan Police Sex Squad, Detective Stanley Brown of the Juvenile Court, and Intake Officer Otis C. Davenport of the Juvenile Court, and ascertained that Detective Bonaccorsy presented the case to the Grand Jury which returned an 'Ignoramus' after hearing alibi witnesses who accounted for the whereabouts of Herbert L. Bradford at the time of the alleged rape. With the consent and approval of the petitioning Intake Officer, Otis Davenport, and both police officers, the Court dismissed the petition and discharged respondent in this case. * * *"[1]

On April 21, 1965, the District of Columbia moved to set aside the dismissal and to calendar the case for trial, which motion was denied on June 1, 1965. This appeal followed.

■ In our opinion the trial judge of the Juvenile Court misconceived the functions and authority of the Intake Officer when he took the position that the Intake Officer was the proper person to consent to the dismissal of the petition rather than the Assistant Corporation Counsel who had appeared on behalf of the District of Columbia and participated in the proceedings up to that point. The Intake Officer is but an an investigative officer of the Juvenile Court. He is not empowered by statute to act as legal representative of the District of Columbia or to conduct the presentation of evidence and examination of witnesses. The statute is clear that the function of the Intake Officer is to make a preliminary investigation of the allegations of the complaint and to report his findings as to jurisdiction of the Juvenile Court to the Director of Social Work, another court officer, who, in turn, must secure the approval of the Corporation Counsel assigned to the court before he may authorize the filing of a petition. In our opinion the consent of the Intake Officer to the dismissal of a petition has no effect to bind the District of Columbia.

■ That the District of Columbia, for the protection and best interests of the municipality and of the public, has an inherent role in the proceedings of the Juvenile Court is reflected in our statute and established by decisions of this court. The office of the Corporation Counsel, as duly constituted attorney and chief law officer for the District of Columbia, is empowered to institute suit on behalf of the municipality, "including all cases within the jurisdiction of the Juvenile Court." Our Code specifies that a petition may be filed in the Juvenile Court only after "approval by the corporation counsel or his assistant," and even where the Director of Social Work of the Juvenile Court fails to find jurisdiction after his investigation of the complaint, the Corporation Counsel may authorize a petition to be filed. D.C.Code, 1961, Supp. V, 1966, § 16–2302. It is not without significance that the rules adopted by the Juvenile Court pursuant to D.C. Code, 1961, § 11–1526, recognize the role of the Corporation Counsel in juvenile proceedings. And we have held that the District of Columbia is a party to a juvenile proceeding and may appeal "where it is offended by a ruling of the court." In Re McDonald, D.C.Mun.App., 153 A.2d 651 (1959), cert. denied sub nom. Cooper v. District of Columbia, 363 U.S. 847, 80 S.Ct. 1620, 4 L.Ed.2d 1730 (1960). For the trial judge to call a private conference in chambers on this case after it had been continued to another date, without either the knowledge or participation of the legal counsel for the District of Columbia, for the conceded purpose of exploring on his own the question of whether there was reasonable

---

1. The court at this time also placed Rice on probation in another, unrelated matter.

ground to believe Rice was involved in the sexual assault alleged in the petition and then *sua sponte* dismiss the petition, was in derogation of the right of the Assistant Corporation Counsel to fully represent and protect the interests of the municipality and of the public and constitutes prejudicial error.

 In denying the government's motion to set aside the dismissal of the petition, the trial judge took the position that participation of the Assistant Corporation Counsel in this matter did not constitute an entry of an appearance for the District of Columbia and did not render the municipality a necessary party in all the progressive or collateral stages of the proceedings. He maintained that the assistance of the Corporation Counsel was not requested and that, without such request, the Assistant Corporation Counsel had no right to be present or to participate at the conference in his chambers. To us this interpretation of D.C.Code, 1961, Supp. V, 1966, § 11–1583, providing that the Corporation Counsel of the District of Columbia, or any of his assistants, shall, *upon request,* assist the Juvenile Court in hearings arising under juvenile proceedings, seems narrow, strained and unrealistic. However, in disposing of this appeal, we do not find it necessary to decide the exact interpretation to be given the "upon request" provision of the statute as we are convinced that the undisputed facts in this case bring it within the "upon request" language. The "request" need not be specifically made or in writing but may be implied from failure of the trial judge to timely notify the Corporation Counsel that his assistance is not required in a particular case. Here, where the petition was filed with the approval of the Assistant Corporation Counsel, the case prepared by him for trial, witnesses summoned by him, and where, upon notice from the court he appeared ready for the hearing, we hold that the trial judge had impliedly requested the assistance of the Assistant Corporation Counsel and he was entitled to continue participation in the case. To deny him this was violative of proper judicial procedure.

We hold that the summary action of the trial judge was improper and that the dismissal of the petition must be set aside. We direct that said petition be reinstated for trial on its merits, at which time the Assistant Corporation Counsel shall have opportunity to present all relevant evidence to substantiate the allegations thereof.[2]

Reversed and remanded with directions to reinstate the petition against Alfred Eugene Rice.

2. To avoid future similar confusion or conflict in the Juvenile Court relating to attendance and participation of the Corporation Counsel in juvenile proceedings, it is suggested that the "request" provision of § 11–1583 be studied by all three judges of that court in joint session for the purpose of adopting a uniform policy or rule of court in respect to its application to all proceedings there.