**Alfred Eugene RICE, Appellant,**

**v.**

**DISTRICT OF COLUMBIA, Appellee.**

**No. 20094.**

United States Court of Appeals District of Columbia Circuit.

Argued Feb. 14, 1967.

Decided Sept. 26, 1967.

Mr. Carroll F. Tyler, Jr., Washington, D. C., for appellant.

Mr. Howard Adler, Jr., Washington, D. C. (appointed by this court as amicus curiae), with whom Mrs. Mary-Margaret Gillen, Washington, D. C., was on the brief, urging reversal.

Mr. Richard W. Barton, Asst. Corp. Counsel for District of Columbia, with whom Messrs. Charles T. Duncan, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel at the time the brief

was filed, and Hubert B. Pair, Asst. Corp. Counsel, were on the brief, for appellee.

Before EDGERTON, Senior Circuit Judge, and BURGER and WRIGHT, Circuit Judges.

J. SKELLY WRIGHT, Circuit Judge:

The dispositive question presented by this appeal is whether it was within the power of the Juvenile Court judge to conduct an informal hearing in chambers without inviting Corporation Counsel to participate and, on the basis of exculpatory information learned at that hearing, to dismiss a petition lodged against a juvenile. We hold that such a course of action was within his discretion and consequently reverse the District of Columbia Court of Appeals' decision [1] overturning that dismissal.

I

On June 18, 1964, a petition was filed by an Intake Officer of the Juvenile Court alleging that the appellant here, Eugene Rice, age 16, and an adult companion, Herbert Bradford, had assaulted a 16-year-old girl and "had sex relations with her against her will."

The following day a form of preliminary hearing was held at which Rice waived his right to counsel at the arraignment and denied the allegations of the petition. The case was then continued for trial and appellant was placed on bond in the custody of his parents. On April 14, 1965, the case came to trial before Judge Ketcham of the Juvenile Court. After Corporation Counsel announced that he was ready to proceed, appellant's counsel requested a continuance, to which Corporation Counsel objected. Judge Ketcham then asked Corporation Counsel for the names of all witnesses present, one of whom was Bradford. The judge asked Corporation Counsel whether he knew what disposition had been made of the case against Bradford. When Corporation Counsel replied that he knew nothing about the matter, Judge Ketcham ordered Bradford brought into the courtroom. Bradford informed the court that the Grand Jury had returned an ignoramus and that the charges had been dropped "because the girl had lied about the whole thing." Appellant immediately moved to dismiss the proceedings against him. The court denied his motion to dismiss but granted his motion for a continuance.

About ten minutes later Judge Ketcham asked the detectives who had investigated the alleged assault and the Intake Officer who had sworn to the petition to join him in his chambers. Neither appellant, his counsel, nor Corporation Counsel was given formal notice of, or participated in, this impromptu meeting. Later that afternoon, after appellant's counsel returned with a certified copy of the Grand Jury's dismissal of the case against Bradford, Judge Ketcham, "with the consent and approval" of the Intake Officer and investigating detectives, dismissed the petition and placed appellant on probation to the court on another unrelated matter.

Shortly thereafter Corporation Counsel moved to set aside the dismissal. In denying this motion, Judge Ketcham explained that he and all of the other participants to the hearing in chambers were persuaded that as a result of the Grand Jury's finding as to Bradford there was no longer any reason to believe that appellant had committed the alleged assault. Consequently, and in view of the fact that appellant was already under the jurisdiction of the court on another matter, the judge found that neither the interests of the community nor the welfare of the child required further judicial action in connection with the case. For these same reasons he then denied the motion to set aside the dismissal.

The District appealed this denial to the District of Columbia Court of Appeals pursuant to 11 D.C.Code § 722(a) (1961) (now 11 D.C.CODE § 741 (Supp. V 1966)), which gives a "party aggrieved" by a final order or judgment of the

1. In re Rice, D.C.App., 217 A.2d 596 (1966).

Juvenile Court a right of appeal.[2] The District argued that the Corporation Counsel was a party to the action in the Juvenile Court and that he was denied the right to receive notice of and to participate at all stages of the proceedings. It contended that the Juvenile Court committed reversible error in dismissing the petition against the juvenile without hearing sworn testimony. Concluding that Corporation Counsel did indeed have a right to participate in the proceeding in the Juvenile Court and that the denial of that right was "violative of proper judicial procedure," the District of Columbia Court of Appeals reversed the Juvenile Court and reinstated the petition. For the reasons stated below we reverse the D.C.C.A. and affirm the Juvenile Court's dismissal of the petition.

## II

Corporation Counsel, here representing the District, argues that he was a party to the action against appellant and that as such he had the right to participate at all stages of the proceeding in the Juvenile Court. He contends that the words "upon request," in their context in 11 D.C.Code § 1583 (Supp. V 1966), entitle him to intervene whenever he requests to do so.[3] Judge Ketcham, on the other hand, read the statute as entitling Corporation Counsel to participate only upon request of the court, and in this case the court made no such request. The D.C.C.A., though obviously favoring the District's interpretation, found it unnecessary to reach the question directly for it found that, since Corporation Counsel had approved the petition, prepared the case and summoned the witnesses, the court had "impliedly requested" his intervention. The D.C.C.A. concluded that, having performed these functions, Corporation Counsel was "entitled to continue participation in the case."

 We also deem it unnecessary to decide the precise meaning of "upon request"; for whether or not Corporation Counsel was a party, either impliedly on request of the Juvenile Court or by his own choice, the judge's *ex parte* dismissal after informal hearing on the petition was within his judicial prerogative. The desired flexibility of juvenile pro-

---

2. Unlike the D.C.C.A., we do not decide the question of whether the government is entitled to appeal under 11 D.C.Code § 741 as a "party aggrieved" by a Juvenile Court decision. *Compare* Rabinowitz v. Kennedy, 376 U.S. 605, 607, 84 S.Ct. 919, 11 L.Ed.2d 940 (1964); Blount Brothers Construction Co. v. Troitino, 126 U.S.App.D.C. ——, 381 F.2d 267 (1967) (*per curiam*). As to the applicability of double jeopardy to juvenile proceedings, *see* United States v. Dickerson, D.D.C., 168 F.Supp. 899, 901–902 (1958), *rev'd on other grounds*, 106 U.S.App.D.C. 221, 271 F.2d 487 (1959), where, anticipating the Supreme Court's approach in In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967), Judge Holtzoff wrote:

"* * * [T]he constitutional protection against double jeopardy, as is the case with the right of counsel and the privilege against self-incrimination, is applicable to all proceedings, irrespective of whether they are denominated criminal or civil, if the outcome may be deprivation of liberty of the person. Necessarily, therefore, this is true of proceedings in the Juvenile Court. Precious constitutional rights cannot be diminished or whittled away by the device of changing names of tribunals or modifying the nomenclature of legal proceedings. The test must be the nature and the essence of the proceeding rather than its title. If the result may be a loss of personal liberty, the constitutional safeguards apply."
*See contra* In re McDonald, D.C.Mun. App., 153 A.2d 651 (1959).

3. The relevant statute then read:
"The corporation counsel of the District of Columbia or his assistant shall assist the court upon request in hearings to determine delinquency, dependency, or neglect, and shall prosecute all cases within the jurisdiction of the court in which an adult is charged with crime."
11 D.C.Code § 932 (1961). It now reads:
"The Corporation Council of the District of Columbia or any of his assistants shall:
"(1) upon request assist the Juvenile Court in hearings arising under section 11–1551."
11 D.C.Code § 1583(a) (1) (Supp. V 1966).

ceedings requires that the court be empowered to act on the basis of such a hearing where it thinks such action is warranted.[4] The judge, as the representative of the child as well as his government, may feel than an accusatory hearing will itself run counter to the best interests of the child. Where, as here, the Juvenile Court judge as well as the government officials most intimately involved in the case are convinced of the juvenile's innocence, the *ex parte* dismissal of the petition, following an informal hearing, is, and should be, within his sound discretion.

■ The recent Supreme Court opinions in Kent v. United States, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966), and In re Gault, 387 U.S. 1, 87 S.Ct. 1428 (1967), warn that however beneficent the original intent, the promise of the juvenile courts has not, for the most part, been realized. These cases establish that the juvenile is entitled to many of the constitutional protections which shield his adult counterpart. The child cannot be denied these rights in the name of flexibility and informality; nor can the broad discretion imparted by the phrase "in the best interests of the child" cloak arbitrary treatment.

■■ But nothing in these decisions indicates that certain stages of the juvenile process cannot or should not consist of non-accusatory proceedings which result in a disposition favorable to the child. The Court explicitly said in *Gault* that nothing in that decision would "compel the States to abandon or displace any of the substantive benefits of the juvenile process." 387 U.S. at 21, 87 S.Ct. at 1440. Certainly, then, the child can be accorded additional rights and privileges beyond those to which the adult defendant is entitled, and judicial conduct which might unfairly disadvantage the District in the prosecution of an adult is not necessarily unfair where the accused is a juvenile and the objective is not to punish but to protect the child. Shioutakon

v. District of Columbia, 98 U.S.App.D.C. 371, 375, 236 F.2d 666, 670, 60 A.L.R.2d 686 (1956); Slaughter v. District of Columbia, D.C.Mun.App., 134 A.2d 338 (1957). Though the judge could not have made a final determination of "involvement" on the basis of the informal hearing held here, it was not an abuse of discretion to conduct such a hearing to determine simply whether he should allow the case against the juvenile to proceed at all.

Reversed.

4. The District of Columbia Code expressly authorizes the judge to conduct juvenile hearings in an informal manner. 11 D.C. CODE § 915 (1961).