**In the Matter of R. L. R.**

**In the Matter of K. Q. M.**

**In the Matter of L. R.**

**Nos. 7107–7109.**

District of Columbia Court of Appeals.

Argued Aug. 30, 1973.

Decided Oct. 2, 1973.

Irene Lichtman, appointed by this court, submitted on the brief for appellee in No. 7107.

Silas J. Wasserstrom, Washington, D. C., for appellee in No. 7108.

Louis Levathes, appointed by this court, for appellee in No. 7109.

Leo N. Gorman, Asst. Corp. Counsel, Washington, D. C., with whom C. Francis Murphy, Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, Washington, D. C., were on the brief, for appellant.

Before KERN, GALLAGHER and NEBEKER, Associate Judges.

PER CURIAM:

Assistant Corporation Counsel and counsel for each of the juveniles against whom petitions alleging delinquency had been filed in the cases which comprise these ap-

peals presented to the trial court sitting in the Family Division proposed consent decrees.[1] The court announced (R. 4, 6) that it would not approve those decrees without first making its own inquiry as to the facts and circumstances of each case and that "unless the Government is prepared to go forward when this Court raises the question or is able to give it some reason, then the Court is going to find that the respondent *is not involved*." [2] (Emphasis added.) After questioning counsel, the juveniles, and their parents, the trial judge dismissed with prejudice the delinquency petitions and found "no involvement" on the part of each juvenile (R. 6, 15).

Subsequently, when the District of Columbia moved to set aside its orders and to reinstate these cases for "trial on the merits" the judge acknowledged in a written order denying the government's motions (R. 40) that he "did not intend for such a finding [not involved] to be made without a fact finding hearing." [3] Rather, he explained, he had determined in these cases "that it was in the best interest of the respondent to dismiss the petition for social reasons."

The government does not dispute the trial court's authority to dismiss delinquency petitions when both the welfare of the particular juvenile and the public interest so require. Super.Ct.Juv.R. 48(b); [4] In re M.C.F., D.C.App., 293 A.2d 874 (1972). It argues only that here it was deprived of reasonable opportunity even to address itself to the issue whether "social reasons" (*i. e.*, the child's welfare and the public interest) justified the dismissals because the judge did not reveal that he was considering such action before taking it.[5]

Appellees respond that as a result of the trial court's colloquies with counsel in these cases whatever "in-put" the government might have wished to give with respect to the juveniles was in fact, or should have been, given to the court and therefore the District cannot now complain of lack of opportunity to be heard. The record reflects, however, that the stated purpose of these proceedings was to enable both counsel jointly to present proposed consent decrees but then the court proceeded to make findings in open court of noninvolvement on the part of the juveniles. As a result, we are of opinion that the focus of counsel was never directed to the precise issue which the trial court was in reality considering and ultimately decided in these proceedings, *viz.*, whether the petitions should be dismissed and the proceedings terminated in the interests of justice and the juveniles' welfare.

1. D.C.Code 1972 Supp., § 16–2314 provides in pertinent part:
    At any time after the filing of a delinquency . . . petition and *prior to adjudication at a factfinding hearing*, the Division may, on motion of the Corporation Counsel or counsel for the child, suspend the proceedings and continue the child under supervision, without commitment, under terms and conditions established by rules of the Superior Court. . . . (Emphasis added.)

2. The rules now governing juvenile proceedings in the Superior Court provide that pleas and findings are either "guilty" or "not guilty" rather than "involved" or "not involved". *See* Super.Ct.Juv.R. 11 and 31(c).

3. The Family Division is required to conduct a factfinding hearing on a delinquency petition at which the Corporation Counsel representing the District "shall" present evidence. D.C.Code 1972 Supp., § 16–2316(a). The court, after a factfinding hearing, must "make and file written findings . . . as to the truth of the allegations." D.C.Code 1972 Supp., § 16–2317(b).

4. That Rule provides in pertinent part:
    [T]he Division . . . may at any time during or at the conclusion of any hearing dismiss a petition and terminate the proceedings relating to the child, if such action is in the interests of justice and the welfare of the child. The reasons for such dismissal shall be set forth upon request of the Corporation Counsel. . . .
    The trial court gave no such reasons in its orders for dismissing these delinquency petitions.

5. We made it clear in In re M.C.F., *supra* at 877, that the government should have an opportunity to present reasons why the Family Division should not exercise its discretion to terminate a delinquency proceeding.

In our view the government must now be given opportunity to address itself to the trial court concerning whether or not the public interest and the juvenile's welfare in each of these cases justifies a dismissal of the delinquency petition. Accordingly, the orders of dismissal are vacated and the cases remanded for further proceedings.

So ordered.