**In the Matter of T. L. J., Appellant.**

**Nos. 13928, 79–979.**

District of Columbia Court of Appeals.

Argued Oct. 25, 1979.

Decided March 28, 1980.

---

Michael B. Waitzkin, Public Defender Service, Washington, D. C., with whom Silas J. Wasserstrom, Public Defender Service, Washington, D. C., was on the briefs, for appellant.

Margaret L. Hines, Asst. Corp. Counsel, Washington, D. C., with whom Judith W. Rogers, Corp. Counsel, Washington, D. C., Louis P. Robbins, Principal Deputy Corp. Counsel, Washington, D. C., when the brief was filed, and Richard W. Barton, Deputy Corp. Counsel, Washington, D. C., were on brief, for appellee.

Before KERN, HARRIS and PRYOR, Associate Judges.

PRYOR, Associate Judge:

Appellant, convicted in juvenile court and committed to the custody of the District of Columbia Social Rehabilitation Administration, challenges two court orders granting one-year extensions of the commitment.[1] As grounds for reversal, appellant urges that the trial court abused its discretion and misconstrued its statutory authority in

---

1. Following the first extension order, appellant appealed (*In the Matter of T.L.J.*, D.C.App. No. 13928, 1978). While the first appeal was pending, a second one-year extension was granted. Appellant again appealed (*In the Matter of T.L.J.*, D.C.App. No. 79–979, —— A. ——, 1979). On October 11, 1979 this court ordered the two cases consolidated.

granting the extensions.[2] We find that the Corporation Counsel, representing the custodial institution and the "public interest," may move to extend the period of commitment of a juvenile when the extension is necessary for his or her rehabilitation, or the protection of the public interest. In granting a motion for extension, however, the court must find the existence of one (or both) of the two factors set forth in D.C. Code 1973, § 16–2322(b)(2). The record before us does not reflect the requisite findings. Accordingly, we remand the record to the trial court. On remand the court may either hold a new hearing or state the basis for its previous rulings.[3]

## I

On July 28, 1976, appellant was convicted of three counts of first-degree murder (both felony and premeditated), four counts of armed robbery, and one count of assault with intent to kill.[4] As a result, appellant was adjudicated delinquent and on September 8, 1976, committed to the custody of the Social Rehabilitation Administration (herein S.R.A.) for an indeterminate period not to exceed two years.[5] The order of commitment directed that appellant be placed in the maximum security juvenile facility and only released into the community upon order of the court. *See* D.C.Code 1973, § 16–2322(a)(1).

Shortly before the expiration of appellant's period of commitment, the Corporation Counsel sought a one-year extension of the original order. The S.R.A. recommended the extension. However, it was the opinion of the agency that the restrictions imposed by the first order should be removed. After a hearing, the trial judge granted the motion for extension with restrictions, concluding that this was necessary for the protection of the public interest. Appellant appealed.

While the appeal was still pending, appellant's first one-year commitment extension was scheduled to expire. The Corporation Counsel moved for a one-year extension of the commitment, contending in part that appellant "could not possibly be rehabilitated." S.R.A. filed a separate written request that the commitment be extended for six months. On September 7, 1979, the day on which the first extension order was to expire, a new extension hearing was conducted, resulting in another one-year commitment extension. A second appeal was taken therefrom.

## II

■ Appellant's first challenge to the trial court's rulings is that the court erred in granting the extensions, upon motion of the Corporation Counsel, because under D.C. Code 1973, § 16–2322(b), the Corporation

---

**2.** Appellant further argues that appellant's case was not properly before the judge who granted the extension orders because he was not the presiding judge at the factfinding hearing. Appellant bases his argument on Rule 25(b) of the Juvenile Rules of the Superior Court which prior to 1977 provided:

> (b) AFTER FINDING OF GUILT OR NEED FOR SUPERVISION: If by reason of absence, death, sickness or other disability the judge before whom the respondent had his factfinding hearing is unable to perform the duties to be performed by the Division after a finding of guilt or need for supervision, any other judge regularly sitting in or assigned to the Division may perform those duties . . .

This section was amended, however, in July of 1977, prior to the first extension hearing. Added to the above is now the following:

> Subsequent to a disposition hearing a review of any respondent's status may be conducted

by any judge assigned to the [Family] Division.

We are satisfied that the above language provides that once the original disposition has been made, any judge sitting in the Division may preside at review hearings, such as hearings on motions for extensions. We, therefore, reject the appellant's claim.

**3.** We note that when the court most recently extended appellant's commitment, it scheduled a review of that commitment for March 7, 1980.

**4.** Those offenses constitute violations of D.C. Code 1973, §§ 22–2401, –3202 and –501, respectively.

**5.** Appellant's convictions were affirmed on appeal by an unpublished Memorandum Opinion and Judgment, D.C.App. No. 11368, decided March 27, 1978.

Counsel has no standing to make such a motion.[6] This position is not supported by reading the relevant statutes as a whole, nor is it supported by the legislative history.

The President of the United States, via Reorganization Order No. 50, L.S. 4240–B, June 26, 1953, as amended, established the District of Columbia Corporation Counsel, vesting it with full authority to act as attorney for and chief law officer of the District of Columbia Government, its officers, employees, agencies, boards and commissioners. Reorg.Ord. No. 50, Part II(A) and (D), June 26, 1953, as amended. The Social Rehabilitation Administration is a subagency of the District of Columbia and, therefore, is represented by the Corporation Counsel. That office is empowered to act as attorney for the S.R.A. in all matters. It may represent the S.R.A. in actions filed against it; initiate actions at the request of the agency; or institute suit sua sponte on behalf of the agency where such action is for the protection and best interest of the municipality and the public. See In re Rice, D.C.App., 217 A.2d 596 (1966), rev'd on other grounds, 128 U.S.App.D.C. 194, 385 F.2d 976 (1967).

Mindful of the broad role of the Corporation Counsel as the Congress promulgated § 16–2305(f) of D.C.Code 1973, which provides that "The District of Columbia shall be a party to all proceedings under this subchapter [Family Division proceedings]." In enacting this section of the Code, Congress amended an earlier existing law providing that the District of Columbia could only be involved in juvenile cases upon request of a Juvenile Court Judge.[7]

Under its predecessor provision, this court held in an opinion later reversed on other grounds:

That the District of Columbia, for the protection and best interests of the municipality and of the public, has an inherent role in the proceedings of the Juvenile Court is reflected in our statute and established by decisions of this court. The office of the Corporation Counsel, as duly constituted attorney and chief law officer for the District of Columbia, [and its agencies] is empowered to institute suit on behalf of the municipality, "including all cases within the jurisdiction of the Juvenile Court." In re Rice, supra, at 598.

The above interpretation of the earlier provision was adopted by the legislature when proposing the enactment of the present § 16–2305. The Committee on the District of Columbia Court Reform and Criminal Procedure Act of 1970 reported that:

Subsection (f) [of D.C.Code § 16–2305] for the first time makes the District of Columbia a party to all proceedings under this subchapter. Under existing law the principal legal officer for the District of Columbia is not permitted to be involved in behalf of the interest of the public in juvenile cases except in the invitation of a Juvenile Court judge. The intent of this subsection is to make the Corporation Counsel an active participant in all Family Division proceedings involving delinquency, need of supervision and neglect.[8]

■ Aside from the above statement, there is a paucity of legislative history on the Act. Such being the case, in construing the statute, we must rely heavily on the language of the statute itself. United States v. Firestone Tire and Rubber Co.,

---

**6.** D.C.Code 1973, § 16–2322(b), provides that

(b) A dispositional order vesting legal custody of a child in an agency or institution may be extended for additional periods of one year, upon motion of the department, agency, or institution to which the child was committed, if, after notice and hearings, the Division finds that—

(1) in the case of a neglected child, the extension is necessary to safeguard his welfare; or

(2) in the case of a child adjudicated delinquent or in need of supervision, the extension is necessary for his rehabilitation or the protection of the public interest.

**7.** D.C.Code 1961, § 11–911.

**8.** Report of the Committee on the District of Columbia on H.R.16196, (D.C. Court Reform and Criminal Procedure Act of 1970), H.R.Rep. No.91–907, 91st Cong., 2d Sess. 150, 151 (1970).

455 F.Supp. 1072 (D.D.C.1978). Section 16–2305(f) empowers the District of Columbia, through its chief law officer, the Corporation Counsel, to be a party to all Family Division proceedings covered by D.C.Code 1973, Chapter 23, Subchapter I, to represent the S.R.A. in actions brought against it, in actions instituted by it, or to initiate actions on behalf of the agency in matters of "public interest."

■ A dispositional hearing involving one who has been adjudicated delinquent based upon violations of law is certainly a matter of "public interest." Thus, where we read in § 16–2322(b) of the same subchapter that:

A dispositional order vesting legal custody of a child in an agency or institution may be extended for additional periods of one year, upon motion of the department, agency, or institution to which the child is committed . . .

we cannot conclude that by giving the agency authority to move for extensions, the Corporation Counsel was thereby intended to be excluded. Such a construction would be contrary to the well-accepted tenet of statutory construction that, "whenever possible, a statute should be interpreted as a harmonious whole." *United States v. Firestone Tire and Rubber Co., supra,* at 1079. *See Southern Garment Manufacturer's Association v. Fleming,* 74 App.D.C. 228, 237, 122 F.2d 622, 631 (1941). *See generally* 82 C.J.S. *Statutes* § 345 (1953). Similarly, one part of a statute must not be construed so as to render another part meaningless. *Helvering v. Morgan's, Inc.,* 293 U.S. 121, 126–127, 55 S.Ct. 60, 79 L.Ed. 232 (1934).

We cannot construe § 16–2322(b) as excluding the Corporation Counsel. Such a construction would make § 16–2322(b) discordant with § 16–2305(f), which provides that the Corporation Counsel shall be a party to all Family Division proceedings, and thereby render that section meaningless. We are persuaded by earlier decisions of this jurisdiction that we must construe §§ 16–2305(f) and 2322(b) together, *Dun-*

*ning v. Randall H. Hagner & Co.,* D.C.Mun. App., 63 A.2d 770, 771 (1949); *United Mine Workers of America v. Andrus,* 189 U.S. App.D.C. 110, 581 F.2d 888 (1978), and interpret the statute "with an eye to surrounding landscape and an ear for harmonizing potentially discordant provisions . . . ." *Zaimi v. United States,* 155 U.S. App.D.C. 66, 476 F.2d 511 (1973).

Consonant with this analysis, we find the Corporation Counsel was a proper party to request extension of appellant's period of commitment. The trial court could entertain the Corporation Counsel's motion just as it could that of any department, agency, or institution to which the child was committed. *See also* D.C.Code 1973, § 16–2303.

### III

Concluding that the trial court properly heard the Corporation Counsel's motion, we turn now to appellant's second contention: that the trial court abused its discretion by ordering appellant's commitment to the S.R.A. to be extended for the one-year periods.[9]

■ In considering this argument, we note initially that—quite correctly—in neither of their notices of appeal did counsel for appellant advance the position that either case presents an "abuse of discretion" question for us to review. Unquestionably they do not. Disposition hearings are the juvenile equivalent of adult sentencing proceedings. When the trial court rules in such a proceeding within the limitations established by statutes, it is not our function to review that exercise of discretion. *See e. g., Dorszynski v. United States,* 418 U.S. 424, 440–41, 94 S.Ct. 3042, 3051, 41 L.Ed.2d 855 (1974); *Foster v. United States,* D.C.App., 290 A.2d 176, 178–79 (1972).

■ D.C.Code 1973, § 16–2322(b)(2), gives the trial court judicial discretion to extend a dispositional order vesting legal custody of a child in an agency or institution for additional periods of one year only if the court finds either that the extension is

9. September 7, 1978–September 6, 1979, and September 7, 1979–September 6, 1980.

"necessary for the rehabilitation of the juvenile or the protection of the public interest." Once a motion is properly before the court, notwithstanding the recommendation of the custodial institution, the court may grant the extension if the court finds it necessary (1) for the rehabilitation of the juvenile or (2) for the protection of the public interest.

■ In the instant case, at the most recent motions hearing, the judge ordered a one year extension but the record does not reflect which statutory criterion provided the basis for the judge's conclusion. Accordingly, while we otherwise affirm the rulings appealed from, we remand the record for consideration of the finding required by § 16–2322(b)(2) of the Code.

*Remanded.*