William H. DOBBS, Superintendent of Saint Elizabeths Hospital, Appellant,

v.

Valerie DUNCAN, Appellee.

William H. DOBBS, Superintendent of Saint Elizabeths Hospital, Appellant,

v.

Allen L. LEDOUX, Appellee.

William H. DOBBS, Superintendent of Saint Elizabeths Hospital, Appellant,

v.

Oscar HAYES, Jr., Appellee.

William H. DOBBS, Superintendent of Saint Elizabeths Hospital, Appellant,

v.

Erick P. LEWIS, Appellee.

Nos. 81–965, 81–1317, 81–1610 and 81–1611.

District of Columbia Court of Appeals.

Argued May 19, 1982.

Decided March 9, 1983.

Catherine R. Mack, Asst. U.S. Atty., with whom Stanley S. Harris, U.S. Atty., John A. Terry, Asst. U.S. Atty., at the time the brief was filed, and Oscar Altshuler, Asst. U.S. Atty., Washington, D.C., at the time the brief was filed, were on the brief, for appellant.

Elizabeth J. Branda, Public Defender Service, with whom William J. Mertens, Public Defender Service, Washington, D.C., was on the brief, for appellees. Barbara Elkin, Public Defender Service, Washington, D.C., also entered an appearance for appellees.

Before NEBEKER, FERREN and BELSON, Associate Judges.

NEBEKER, Associate Judge:

In this consolidated appeal, the Superintendent of St. Elizabeths challenges the trial courts' dismissals of four separate petitions for hospitalization filed by him pursuant to D.C.Code § 21–541(a) (1981),[1] and

---

1. D.C.Code § 21–541 (1981) states in pertinent part:

    (a) Proceedings for the judicial hospitalization of a person in the District of Columbia

D.C.Code § 21–582(b) (1981)[2]—the hospitalization of the Mentally Ill Act (the "Ervin Act"). He contests an interpretation of these statutory provisions as they impact on the petitioning process. The interpretation requires him, as a physician-petitioner, to have personally examined the individual within the previous 72 hours, even though one of his staff physicians has made the statutorily prescribed examination. We reverse.

## I

Section 541(a) of the Code states who may petition for an involuntary commitment order. It provides that the petition be accompanied either by (1) the certificate of an examining physician or (2) a sworn statement by a petitioner that he has reason to believe that the person is mentally ill and a danger to himself and others, and that the person has refused to submit to an examination by a physician. A complementary code provision, § 582(b), provides, however, that "a petition, application, or certificate of a physician may not be considered unless it is based on personal observation and examination of the alleged mentally ill person not more than 72 hours prior to the making of the petition, application, or certificate." Issue is joined over the actual effect of this language in § 582(b) upon the petitioning process emanating from the hospital through its superintendent as outlined in § 541(a).

Appellees contend that the intent of § 582(b) is to require that where a *physician* (unlike any other authorized petitioner) petitions the court for a hospitalization order, he, in addition to the *certifying* physician, must have examined the patient within the previous 72 hours. It is undisputed that in the four cases here on appeal, the superintendent, as petitioner, did not personally make such examination. In each case, his petition was accompanied by a certificate completed by a staff physician who had made the examination within the previous 72 hours.

The superintendent asserts that the trial courts' interpretation of § 582(b) was error; that it was inconsistent with § 541(a) and the overall statutory scheme and purpose of the Ervin Act. We hold that the certificate of the staff physician complies with § 582(b) and that the superintendent may independently act as a physician-petitioner.

## II

The nature of our review of the trial courts' action in these cases is dictated by canons of statutory interpretation and construction and common sense. Most important in these cases, and in the context of a comprehensive statute, "we must not be guided by a single sentence or member of a sentence, but look to the provisions of the whole law, and to its object and policy." *Philbrook v. Glodgett,* 421 U.S. 707, 713, 95

may be commenced by the filing of a petition with the Commission on Mental Health by his spouse, parent, or legal guardian, by a physician, by a duly accredited officer or agent of the Department of Public Health [Department of Human Services], or by an officer authorized to make arrests in the District of Columbia. The petition shall be accompanied by:

(1) a certificate of a physician stating that he has examined the person and is of the opinion that the person is mentally ill, and because of the illness is likely to injure himself or other persons if allowed to remain at liberty; or

(2) a sworn written statement by the petitioner that:

(A) the petitioner has good reason to believe that the person is mentally ill, and,

because of the illness, is likely to injure himself or other persons if allowed to remain at liberty; and

(B) the person has refused to submit to examination by a physician.

2. D.C.Code § 21–582(b) (1981) states:

(b) A petition, application, or certificate of a physician may not be considered unless it is based on personal observation and examination of the alleged mentally ill person made by the physician not more than 72 hours prior to the making of the petition, application or certificate. The certificate shall set forth in detail the facts and reasons on which the physician based his opinions and conclusions.

S.Ct. 1893, 1898, 44 L.Ed.2d 525 (1975) (citations omitted). *See also Richards v. United States,* 369 U.S. 1, 11, 82 S.Ct. 585, 592, 7 L.Ed.2d 492 (1962); *Don't Tear It Down v. Pennsylvania Avenue Development Corp.,* 206 U.S.App.D.C. 122, 128, 642 F.2d 527, 533 (1980). We are aware that while it may be incongruous to construe a single provision of a statute so as to render another part meaningless, *see In re T.L.J.,* 413 A.2d 154, 158 (D.C.App.1980), discordant provisions of a statute should be reconciled whenever possible. *Don't Tear It Down, supra,* 206 U.S.App.D.C. at 128, 642 F.2d at 533. However, we do not find discord in these two provisions.[3]

Section 541(a) authorizes six classes of persons [4] to petition for the judicial hospitalization of an individual. It also establishes the methods by which those petitions should be filed. Most importantly, it creates two separate procedures for the petitioning process. One authorizes non-physician petitioners, where the individual has refused examination, to petition for hospitalization by a sworn statement. The statement must detail "the facts and the reasons" for the belief that the individual is mentally ill and likely to injure himself or others. *See* D.C.Code § 21–541(a)(2)(A) (1981). The other, the process used here, requires a petitioner to be a physician, or to

secure a physician, able to state in a certificate that the individual is mentally ill and a danger to himself or others. *See* D.C.Code § 21–541(a)(1). In the instant cases, the superintendent petitioner may only proceed as a physician within the statutory framework. D.C.Code §§ 21–501, –541(a). However, by including the certificate of an examining staff physician he has complied fully with D.C.Code § 582(b).[5] That the petitioner in these cases is a physician does not require more of him than would be required of a spouse who has included with her petition a certificate of an examining physician.[6]

We hold that § 582(b) does not require that a petition filed by the superintendent and accompanied by a certificate of an examining physician also reflect that the superintendent personally examined the patient. It is enough that the superintendent's petition include separately the proper certificate of an examining physician. The statute commands no more.

*Reversed and remanded.*

3. Our review of the legislative history does not reveal any conclusive testimony or debate. We thus advert to the overall concern and goal of this statute: the greatest protection of the individual patient's interests consistent with public safety.

4. These classes of persons are: a spouse, parent, legal guardian, physician, accredited officer of the Department of Public Health, and a police officer.

5. That provision also requires that the certificate set forth in detail the facts and reasons for the opinion and conclusion. This is not an issue in the appeals.

6. Under the emergency hospitalization procedure, D.C.Code § 21–523 (1981), the administrator of the hospital where a person has been temporarily detained (for a period not to exceed 48 hours) filed a petition for continued hospitalization "for emergency observation and

diagnosis for a period not to exceed 7 days." The administrator is not required to make a personal examination of the person detained; the reports of the "applicant" (physician or otherwise), *id.,* § 21–521, and of a staff psychiatrist who examines the patient and provides the "certificate," § 21–522, are the principal data considered by the court in ruling on the petition. *Id.* § 21–524(b). There is, accordingly, no perceptible reason why the hospital administrator who, by virtue of being a "physician" is permitted to file a petition under § 21–541(a), *but see* § 21–582(a), should, for the first time in subchapter IV, have to provide a personal observation and examination of the patient. Provision for that data is the purpose of the certificate requirement under § 21–541(a)(1). We do not express a view on whether a physician-petitioner may also supply the "certificate of a physician" under § 21–541(a)(1).