1316, Inc., Appellant *v.* Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellee.

Submitted on briefs December 13, 1982, to President Judge CRUMLISH, JR. and Judges ROGERS and MACPHAIL, sitting as a panel of three.

*A. Charles Peruto,* with him, *Michael D. Fioretti* and *Leon W. Tucker,* for appellant.

*David Shotel,* Assistant Counsel, with him, *J. Leonard Langan,* Chief Counsel, for appellee.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., March 14, 1983:

1316, Inc., appeals a Philadelphia County Common Pleas Court order which affirmed the Pennsylvania Liquor Control Board's suspension of its liquor license. We affirm.

The Board found that 1316, Inc. had violated Section 491 of the Liquor Code[1] by refilling liquor bottles, and ordered a twenty-one day suspension of its restaurant liquor license. 1316, Inc., appealed to the common pleas court which, following a *de novo* hearing, made essentially the same findings of fact as the Board, but remanded the matter to the Board "for reconsideration of the penalty only in light of the testimony adduced before the Court of Common Pleas.[2] Following reconsideration, the Board reimposed the original twenty-one day suspension, which the common pleas court subsequently affirmed without receiving further evidence.

Where the court below has taken no additional evidence and has affirmed a liquor license suspension, our scope of review is limited to determining whether the Board's order was supported by sufficient evidence and whether the court below abused its discretion or

---

[1] Section 491 of the Liquor Code provides, in pertinent part, as follows:

It shall be unlawful—

. . . .

(10) For any licensee or any employe or agent of a licensee . . . to refill wholly or in part, with any liquor or substance whatsoever, any liquor bottle or other liquid container.

Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §4-491.

[2] Order of the Philadelphia County Common Pleas Court in Misc. Motion 78-032273, and dated January 11, 1979.

568

committed an error of law. *Matter of Banks*, 53 Pa. Commonwealth Ct. 11, 416 A.2d 631 (1980).

1316, Inc.'s sole contention before this Court is that the Board erred, as a matter of law, in reimposing the suspension without holding another hearing.[3] This question is not, however, within our scope of review. *Matter of Banks*. Thus, 1316, Inc. has not presented a question for our review.

Affirmed.

ORDER

The order of the Philadelphia County Court of Common Pleas, dated April 8, 1980, at No. 2385 February Term, 1980, is hereby affirmed.

---

[3] We note that this contention was not raised before the court below and was, therefore, waived. *Department of Transportation, Bureau of Traffic Safety v. Searer*, 50 Pa. Commonwealth Ct. 468, 413 A.2d 157 (1980). Presumably, this is the reason 1316, Inc. has not contended before this Court that the court below erred as a matter of law in affirming the Board's order reimposing the suspension.